FILED
ate____FEB 2 8 2006____
MARC A. GASPARIN
Clerk of the Circuit Court

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

| | | |
|---|---|---|
| LISA FARRELL, | ) | Case No. 05 L 301 |
| Plaintiff, | ) | |
| vs. | ) | |
| ROCK VALLEY COLLEGE, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S AFFIRMATIVE DEFENSES

NOW COMES the plaintiff, LISA FARRELL, by PETER DeBRUYNE, P.C. and LEWIS B. KAPLAN, her attorneys, and for her Reply to Defendant, ROCK VALLEY COLLEGE'S affirmative defenses, states as follows:

1.      Under Illinois law, employees such as Plaintiff who are not covered by a collective bargaining agreement or issued an employment contract are presumptively at-will employees.

**ANSWER TO PARAGRAPH 1:**  Plaintiff denies the allegations of paragraph 1 inasmuch as paragraph 1 is an attempted recitation of a matter of law, not fact, and is thus improperly pled.

2.      Plaintiff was issued an employee handbook which contains an at-will disclaimer affirming Plaintiff's at-will employment status.

**ANSWER TO PARAGRAPH 2:** Plaintiff denies each and every allegation of paragraph 2.

3.      Board Policy 629 provided progressive discipline guidelines which are non-mandatory and did not alter Plaintiff's at-will employment status.

**00089**

**ANSWER TO PARAGRAPH 3:** Plaintiff moves to strike paragraph 3 inasmuch as pleading of this paragraph has been precluded by the court's disposition of defendant's Motion to Dismiss on the merits.

4.     Even assuming, *arguendo*, that Board Policy 629 was mandatory and binding upon Defendant, Defendant complied with its procedures in terminating Plaintiff's employment for repeated and serious performance errors and misconduct.

**ANSWER TO PARAGRAPH 4:** Plaintiff denies each and every allegation of paragraph 4.

5.     Defendant reserves the right to assert additional Affirmative Defenses upon discovery of facts not presently known.

**ANSWER TO PARAGRAPH 5:** Plaintiff denies each and every allegation of paragraph 5 inasmuch as paragraph 5 is not an allegation of fact but rather a precatory statement for which a reply is not required.

WHEREFORE, the plaintiff, LISA FARRELL, requests judgment against the defendant, ROCK VALLEY COLLEGE, in an amount in excess of $50,000.00 plus costs of suit.

LISA FARRELL, Plaintiff,

BY: PETER DeBRUYNE, P.C.

Peter DeBruyne, Her Attorney

LEWIS B. KAPLAN, her Attorney

Peter DeBruyne - #405
PETER DeBRUYNE, P.C.
838 North Main Street
Rockford, IL 61103

Lewis B. Kaplan - #1207
838 North Main Street
P.O. Box 1254
Rockford, IL 61103
Telephone (815) 963-3090
Attorneys for Plaintiff.

2

00090

## CERTIFICATE OF SERVICE

STATE OF ILLINOIS      )
                            )    SS.

COUNTY OF WINNEBAGO     )

       Pursuant to Supreme Court Rule 12, the undersigned certifies that he served a copy of the foregoing Plaintiff's Reply to Defendant's Affirmative Defenses on:

       Attorney Barbara Endoy
       ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD.
       20 North Clark Street, Suite 900
       Chicago, IL 60602

by enclosing same in an envelope, addressed as is shown above, with proper postage prepaid, and depositing same in the United States mail at Rockford, Illinois on the 28th day of February, 2006 at 5:00 p.m.

                                           Peter DeBruyne

SUBSCRIBED and SWORN to before
me this 28th day of February, 2006.

Notary Public.

"OFFICIAL SEAL"
LAURA M. HARGES
Notary Public, State of Illinois

**00091**

**FILED**

Date: 3 / 22 / 06

**MARC A. GASPARINI**
Clerk of the Circuit Court
WINNEBAGO COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

| | |
|---|---|
| LISA FARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05 L 301 |
| | ) |
| ROCK VALLEY COLLEGE, | ) Judge Janet Holmgren |
| | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
### TO STRIKE PARAGRAPH THREE OF DEFENDANT'S AFFIRMATIVE DEFENSES

The above-named Defendant, **ROCK VALLEY COLLEGE** ("the College"), by and through its attorneys, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., for its Response to Plaintiff's Motion to Strike Paragraph Three of Defendant's Affirmative Defenses states as follows:

1.      Plaintiff filed a Complaint for breach of employment contract alleging that she was discharged in violation of the College's Board Policy 629 which is entitled, "Progressive Discipline." (Complaint, ¶¶ 12, 13). Board Policy 629 is contained in the College's Employee Handbook, which contains an express disclaimer of at-will employment.

2.      Defendant filed a Motion to Dismiss the Complaint pursuant to Section 2-619. The Court denied Defendant's Motion to Dismiss. Accordingly, on February 10, 2006, Defendant filed its Answer and Affirmative Defenses to the Complaint. Defendant's Third Affirmative Defense states:

> Board Policy 629 provided progressive discipline guidelines
> which are non-mandatory and did not alter Plaintiff's at-will
> employment status.

3.      Plaintiff has filed a Motion seeking to strike Defendant's third affirmative defense on the basis that it is precluded by the Court's ruling on Defendant's Motion to Dismiss. The Court's ruling, which is set forth in a Memorandum of Decision dated January 9, 2006, states, in pertinent part:

**00092**

> There is a genuine issue of material fact as to whether the Plaintiff ever received a copy of the entire RVC handbook based upon the contradictory averments of Farrell and Hardy in their respective affidavits. It is not disputed that Plaintiff was specifically provided with a copy of Policy 629 when RVC initiated the disciplinary process, that Policy 629 does not contain any contractual disclaimers. Plaintiff asserts that Policy 629 is a valid contract that required RVC to engage in the progressive disciplinary steps prior to dismissing the Plaintiff and the Court agrees with the Plaintiff's analysis and arguments and holds that the three factors of <u>Duldulao</u> have been met in this case. (Exhibit A).

4.      For the reasons set forth below, Defendant respectfully requests that Plaintiff's Motion to Strike be denied.

## PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED

**1.      Plaintiff's Motion to Strike is Premature Prior to the Close of Discovery**

As the Court stated in its January 9, 2006 Memorandum of Decision, "There is a genuine issue of material fact as to whether the Plaintiff ever received a copy of the entire RVC handbook. . . ." (Exhibit A). The College's Employee Handbook contains an express disclaimer affirming Plaintiff's at-will employment status. It is well settled under Illinois law that an express disclaimer of continued employment forecloses any reasonable belief in contract formation based upon policies issued contemporaneously with or subsequent to the disclaimer. *Boll v. Hyatt Corp.*, 243 Ill. App.3d 1005, 1009, 614 N.E.2d 71, 74 (1st Dist. 1993); *Chesnick v. St. Mary of Nazereth Hospital*, 211 Ill. App.3d 593, 597-598, 570 N.E.2d 545, 547-548 (1st Dist. 1991).

Facts establishing Plaintiff's receipt of the College's Employee Handbook would preclude a finding that Board Policy 629 is a mandatory contract which altered her at-will employment status. Therefore, the parties should be entitled to complete discovery before the Court issues a ruling as to whether to strike Defendant's affirmative defense that "Board Policy 629 provided progressive discipline guidelines which are non-mandatory and did not alter Plaintiff's at-will employment status."

2

## 2. There Has Been No Ruling That a Contract Between Plaintiff and the College Existed.

Although the Court stated in its January 9, 2006 Memorandum of Decision that "the three factors of <u>Duldulao</u> have been met," the Court has not ruled that Board Policy 629 did, in fact, contractually alter Plaintiff's presumptively at-will employment status. Additional facts regarding Plaintiff's knowledge or receipt of the Employee Handbook, or her understanding of the non-mandatory nature of Board Policy 629, may establish that Board Policy 629 was non-mandatory and did not alter Plaintiff's presumptively at-will employment status.[1] Under Illinois law, a non-mandatory progressive discipline policy does not constitute a contract which alters an employee's at-will employment status. *Long v. Ill. Municipal Elec. Agency*, 90 F. Supp.2d 181, 185 (C.D. Ill. 2000); *Harrell v. Montgomery Ward & Co.*, 189 Ill. App.3d 516, 521, 545 N.E.2d 373, 376 (1st Dist. 1989); *Ahlgren v. Blue Goose Supermarket, Inc.*, 266 Ill. App.3d 154, 639 N.E.2d 922 (2nd Dist. 1994); *Shepley v. DuPont De Nemours and Co.*, 722 F. Supp. 506 (C.D. Ill. 1989); *Brown v. R.R. Donnelly & Sons Co.*, 272 Ill. App.3d 94, 95, 650 N.E.2d 8, 8 (4th Dist. 1995).

Defendant therefore requests that it be afforded the opportunity to complete discovery and to elicit facts to support its assertion that Board Policy 629 was non-mandatory, before the Court decides whether to bar Defendant from relying upon its affirmative defense that "Board Policy 629 provided progressive discipline guidelines which are non-mandatory and did not alter Plaintiff's at-will employment status."

WHEREFORE, Defendant **ROCK VALLEY COLLEGE** respectfully requests that this Honorable Court enter an order denying Plaintiff's Motion to Strike Paragraph Three of Defendant's Affirmative Defenses.

---

[1] Even if the Court's ruling on Defendant's Motion to Dismiss constituted a disposition on the merits, the denial of a Section 2-619 motion to dismiss on the merits may be modified when warranted by additional facts. *Bailey v. Allstate Development Corp.*, 316 Ill.App.3d 949, 956-957, 738 N.E.2d 189, 196, 250 Ill.Dec. 225, 232 (1st Dist. 2000).

3

00094

Respectfully submitted,

**ROCK VALLEY COLLEGE**

By: _____
One of Defendant's Attorneys

Philip H. Gerner III (3127953)
Barbara Endoy (6285513)
ROBBINS, SCHWARTZ, NICHOLAS,
 LIFTON & TAYLOR, LTD.
20 North Clark Street, Suite 900
Chicago, Illinois 60602
Tel.  312.332.7760
Fax  312.332.7768

Dated: March 20, 2006

4

00095

# STATE OF ILLINOIS
## CIRCUIT COURT
### SEVENTEENTH JUDICIAL CIRCUIT



**JANET R. HOLMGREN**
Circuit Judge

**WINNEBAGO COUNTY COURTHOUSE**
ROCKFORD, ILLINOIS   61101
Phone (815) 987-2503
FAX (815) 987-3011

March 23, 2006

Attorney Peter DeBruyne
838 N. Main St.
Rockford, IL 61103

Attorney Barbara Endoy
20 N. Clark St., Suite 900
Chicago, IL 60602

RE:   Farrell vs. Rock Valley College
05 L 301

## MEMORANDUM OF DECISION

Counsel:

The Motion to Strike Paragraph Three of Defendant's Affirmative Defenses is heard and denied. The Court's prior ruling that Policy 629 formed a contract between the Plaintiff and Defendant arose in the context of a dispute as to whether the Plaintiff received the handbook with the disclaimer, which is a question for the jury to determine. The resolution of this issue by the jury will resolve Plaintiff's employment status with the Defendant, and therefore, Paragraph 3 of Defendant's Affirmative Defense is properly plead. This ruling is made without prejudice to the bringing of any subsequent dispositive motion as discovery goes forward.

The Court requests that Attorney Endoy draft an order, please.

Very truly yours,

Janet R. Holmgren
Circuit Judge

tp

**FILED**

Date: 4/17 06

*Marc a. Gasparini*

Clerk of the Circuit Court

By_____ Deputy
Winnebago County, IL

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

LISA FARRELL,                      )
                                   )
            Plaintiff,             )
                                   )
    vs.                            )      Case No. 05 L 301
                                   )
ROCK VALLEY COLLEGE,               )      Judge Janet Holmgren
                                   )
            Defendant.             )

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
## PARAGRAPH THREE OF DEFENDANT'S AFFIRMATIVE DEFENSES

This matter having come before the Court on Plaintiff's Motion to Strike Paragraph Three of Defendant's Affirmative Defenses; Defendant having filed a Response to Plaintiff's Motion to Strike Paragraph Three of Defendant's Affirmative Defenses; the Court having heard the arguments of counsel and being otherwise fully advised in the premises;

**NOW THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Paragraph Three of Defendant's Affirmative Defenses be and the same is hereby DENIED, without prejudice.

**IT IS SO ORDERED.**

_____
HONORABLE JANET R. HOLMGREN
4-17-06

00097

Approved as to form and content:

_Peter DeBruyne_  *SE w/*
Peter DeBruyne        *consent*
Counsel for Plaintiff

_Barbara Endoy_
Barbara Endoy
Counsel for Defendant

Prepared By:

Barbara Endoy
ROBBINS, SCHWARTZ, NICHOLAS,
   LIFTON & TAYLOR, LTD.
Counsel for Defendant
20 North Clark Street, Suite 900
Chicago, Illinois 60602
Tel.  312.332.7760
Fax  312.332.7768

CC-75

# STATE OF ILLINOIS

#18

## CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

## WINNEBAGO COUNTY

LISA FARRELL )
    plaintiff )
     )
    -vs- )    Case No. 05 L 301
ROCK VALLEY College, )
    defendant )

# ORDER

This cause coming on for status & the Court being fully advised in the premises.

IT IS HEREBY ORDERED:

1) Both parties shall serve answers to outstanding document requests and produce documents no later than June 16, 2006. (2) The parties shall reimburse each other for photocopying costs (10 cents per page);

2) Defendant RVC shall serve answers to outstanding interrogatories no later than June 16, 2006

3) This matter is set for further status on Aug 16 (2)

at 9am

Dated: May 24, 2006

_____
J U D G E

00099

PG

00099

CC-75

## STATE OF ILLINOIS

### CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

### WINNEBAGO COUNTY

Farrell                          )
                                 )
                                 )
                                 )
         -vs-                    )      Case No. 05 L 301
R... Valley College              )
                                 )
                                 )
                                 )

## ORDER

This matter before the Court for Status,
Counsel present for the parties, the
Court being advised.

IT IS HEREBY ORDERED
That this matter is set for Status
October 11, 2006 at 9:00 Am

Dated: 8-16-06

_____
J U D G E                        00100

CC-75

## STATE OF ILLINOIS

### CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

### WINNEBAGO COUNTY

_Farrell_ )
)
)
)
-vs- )  Case No. _05 L 301_
_Rock Valley College_ )
)
)
)

## ORDER

This matter before the court for further status, the parties appearing by counsel, the Court being advised;

IT IS HEREBY ORDERED

That this matter is set for further status for December 6, 2006 at 9 am.

Dated: _____

_____
J U D G E                    00101

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

Date: 10 / 11 / 06

Clerk of the Court

By

Winnebago

LISA FARRELL,              )
                        )
        Plaintiff,     )
                        )
     vs.                )     Case No. 05 L 301
                        )
ROCK VALLEY COLLEGE,    )     Judge Janet Holmgren
                        )
        Defendant.   )

## PROTECTIVE ORDER REGARDING DEFENDANT'S
## ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff, **LISA FARRELL**, having submitted Plaintiff's First Set of Interrogatories to Defendant Rock Valley College; Defendant having submitted objections and answers thereto; Defendant having agreed to provide additional information in response to Plaintiff's First Set of Interrogatories; the parties having agreed to enter into a Protective Order to preserve the confidentiality and prevent the disclosure of certain information and documents; and the Court being otherwise fully advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that certain information and documents, once marked as "confidential" and disclosed to Plaintiff, shall be subject to the Protective Order contained in this agreement. The Protective Order shall apply to the following documents and information:

Documents and information to be produced by Defendant in response to Plaintiff's Interrogatories No. 12, 13, 14 and 15, namely: disciplinary records for poor work performance issued to similarly situated employees (non-faculty and non-administrators) as of January 1, 2000.

**IT IS FURTHER ORDERED** that the information described above is to be used by Plaintiff and her counsel solely for use and preparation in this litigation, and shall not be used or disclosed for any other purpose or litigation whatsoever.

**IT IS FURTHER ORDERED** that except upon further order of the Court or the agreement of the parties, the information described above will not be disclosed or communicated in any way to anyone other than (i) the Court and jury under seal; (ii) counsel for the parties and their legal assistants and clerical assistants; (iii) persons designated as expert witnesses; (iv) deponents; and (v) the parties.

**00102**

**IT IS FURTHER ORDERED** that upon the conclusion of this litigation, Plaintiff and her counsel shall return to counsel for Defendant all originals, photocopies and reproductions of the documents and information described above which are provided to Plaintiff subject to this Protective Order.

**IT IS SO ORDERED.**

10-11-06

_____
CIRCUIT COURT JUDGE

Date: 10/11/06

Approved as to form and content:

**LISA FARRELL**                                      **ROCK VALLEY COLLEGE**

_____        _____
One of the Attorneys for Plaintiff            One of the Attorneys for Defendant

_____
**LISA FARRELL**

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

LISA FARRELL, )
)
    Plaintiff, ) Case No. 05 L 301
)
    vs. )
)
ROCK VALLEY COLLEGE, )
)
    Defendant. )

## O R D E R

Pursuant to the agreement of the parties in this matter,

IT IS HEREBY ORDERED that the status hearing in this case set for December 6, 2006 at 9:00 a.m. is continued until January 10, 2007 at 9:00 a.m.

_____
Judge Janet R. Holmgren

APPROVED AS TO FORM:

_____
Peter DeBruyne
Attorney for Plaintiff

_____
Barbara Endoy
Attorney for Defendant

PREPARED BY:
PETER DeBRUYNE
PETER DeBRUYNE, P.C.
838 North Main Street
Rockford, Il. 61103

Telephone (815) 964-3810

Attorney for Plaintiff.

1

00104

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT**
**COUNTY OF WINNEBAGO**

_____ )
_____ )
_____ )
Plaintiff(s) )
vs. )  CASE NO. _____
_____ )
_____ )
_____ )
Defendant(s) )  **BRIEF SCHEDULING ORDER**

_____ **Motion** _____
(Identify Party)                    (Identify Motion)

**Movant shall provide a courtesy copy of the challenged pleading(s) or discovery response(s) to the Court with the Memorandum in Support of the Motion.**

1. **Memorandum in Support of Motion** _____
   Due on or before .................. 17 , 2007 .

2. **Responding Party:** _____
   (Identify Party and Name)
   Response to Motion/Memorandum in Support due on or before 31 , 2007 .

3. **Moving Party:** _____
   (Identify Party and Name)
   Reply to Response due on or before Feb 7 , 2007 .

4. **Oral Argument on Motion is set before Judge** _____ on Feb 21 , 20 07 .
   at 2:30p.m.

5. **Decision on Motion is set before Judge** _____ on _____ , 20 ___ .

**AMENDMENTS TO THE ABOVE SCHEDULE ARE TO BE MADE BY AGREED ORDER ENTERED BY THE COURT.**

**PARTIES ARE TO SUBMIT COURTESY COPIES OF ALL BRIEFS.**

**ENTER:**

Dated: _____      _____      **00105**
                          **JUDGE**

Original Order to Court file; Copies of Order to:  Moving Party; Responding Party; and Judge's Secretary

CC-75

## STATE OF ILLINOIS

## CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

## WINNEBAGO COUNTY

Lisa Farrell )
_____ )
Plaintiff )
)
-vs- )   Case No. 05 L 301
)
Rock Valley College )
_____ )
Defendant )

## ORDER

This cause coming on to be heard upon plaintiff's Motion to
Compel the Production of Documents and Answers to Interrogatories and
for Court Supervision of Discovery, and the Court having examined the motion,
the briefs, having heard argument of counsel, and otherwise being fully
advised in the premises,

IT IS HEREBY ORDERED;

1) Defendant shall supplement by March 23, 2007 its answer to Interrogatory 10
identifying by document number and Rule written policy, rule, regulation or similar produced by plaintiff &
having produced in her discovery early discovery;

2) Defendant shall allow Becky's premise plaintiff's counsel with a waiver re Saratoga
in 5 search and the facility present for the documents listed in Ex A & Ex B+1 of plaintiff's motion to compel;

3) Defendant shall present within 30 days of plaintiff's Counsel's request index

Dated: 2/21/07

_____
JUDGE

00106

* Social minutes relating to the previously identifying
other employees who were been discipline or disciplined.

A) Status on 3/6/07 at 2:01 at 9am

CC-75 Ⓐ

# STATE OF ILLINOIS

## CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

### WINNEBAGO COUNTY

Lisa Fowell
        Plaintiff )
)
)
       -vs- )     Case No. 05 L 301
Rock Valley College )
       defendant )

# ORDER

This cause coming on for Status and the Court being fully consired in the premises,

IT IS HEREBY ORDERED.

This cause is continued for further Status on July 18, 2007 at 9am.

Dated: 5/16/07

_____
J U D G E

00107

CC-75 

## STATE OF ILLINOIS

## CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

## WINNEBAGO COUNTY

LISA FARRELL )
)
)
-vs- )  Case No. _05 L 301_
ROCK VALLEY COLLEGE )
)
)

# ORDER

THIS MATTER HAVING COME BEFORE THE COURT ON A
CASE MANAGEMENT CONFERENCE AND DEFENDANT'S MOTION
TO ESTABLISH DISCOVERY COMPLETION DATES AND SCHEDULE
A TRIAL DATE:

DEFENDANT'S MOTION TO ESTABLISH DISCOVERY
COMPLETION DATES AND SCHEDULE A TRIAL DATE IS
CONTINUED FOR HEARING ON AUGUST 1, 2007 AT 9:00 A.M.

Dated: _7/19/07_

_____
J U D G E

00108

CC-75

# STATE OF ILLINOIS

## CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

## WINNEBAGO COUNTY

LISA FARRELL )
)
)
)
-vs- )  Case No. _05 L 301_
)
ROCK VALLEY COLLEGE )
)
)

# ORDER

This matter having come before the Court on Defendant's Motion to Establish Discovery Completion Dates;

It is hereby ordered that Defendant's Motion is scheduled for hearing on August 8, 2007 at 1:30 p.m.

Dated: _8/1/07_

_____
J U D G E

00109

CC-75 (P)

# STATE OF ILLINOIS

## CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

### WINNEBAGO COUNTY

LISA FARRELL )
)
)
)
-vs- )  Case No. __05 L 301__
)
ROCK VALLEY COLLEGE )
)
)

# ORDER

This cause having come before the court on
Defendant's Motion to establish discovery completion dates
and Trial dates and Plaintiff's Motion to Compel,
the Court having heard the arguments of counsel
and being otherwise advised in the premises;

It is ordered that : (1) Defendant shall serve an amended
answer to Plaintiff's Interrogatory No 1 by August 31, 2007,
(2) the parties shall serve all written interrogatories by
August 31, 2007; (3) pleadings shall be amended, if necessary,
by August 31, 2007 (4) the depositions of Plaintiff, Sherry
Moss and Shirley Hardy shall be completed by October
1, 2007; (5) the parties shall serve answers to $2.3
interrogatories by October 31, 2007.

This matter is continued for a status conference
on November 1, 2007 at 9:00 a.m.

Dated: __8/8/07__

_____
J U D G E          00110

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

LISA FARRELL,                       )
                                    )    Case No. 05 L 301
        Plaintiff,                  )
                                    )
vs.                                 )
                                    )
ROCK VALLEY COLLEGE,                )
                                    )
        Defendant.                  )

**FILED**

Date: 8/21/07

_Thomas A. Klein_
Clerk of the Circuit Court
By_____ Deputy
Winnebago County, IL

## PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADD AMENDMENT TO COMPLAINT

NOW COMES the plaintiff LISA FARRELL ("FARRELL"), by her attorney, PETER DeBRUYNE, P.C., and pursuant to 735 *ILCS* 5/2-616 (a) FARRELL hereby moves to amend her Complaint in the above captioned matter to add an additional count for the deprivation of FARRELL's Constitutional Right to Due Process pursuant 42 U.S.C. § 1983, and further pursuant to 735 *ILCS* 5/2-616 (c) FARRELL hereby moves to amend her Complaint pursuant 42 U.S.C. § 1988 (b) to add a prayer for a reasonable attorney's fee to FARRELL's Breach of Contract Count. FARRELL attaches hereto her First Amended Complaint containing the changes referenced herein.

WHEREFORE, the plaintiff, LISA FARRELL, prays that this Court grant Plaintiff's Motion to Amend Complaint and Add Amendment to Complaint.

1

00111

Respectfully submitted,

LISA FARRELL, Plaintiff,

By PETER DeBRUYNE, P.C.

By _____
　　　Peter DeBruyne

Peter DeBruyne, #405
PETER DeBRUYNE, P.C.
838 North Main Street
Rockford, Illinois 61103
Telephone (815) 964-3810
Attorney for Plaintiff.

2

00112

## CERTIFICATE OF SERVICE

Pursuant to Supreme Court Rule 12, the undersigned certifies that he served the foregoing Plaintiff's Motion to Amend Complaint and Add Amendment to Complaint on the following:

> Attorney Barbara Endoy
> Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
> 20 North Clark Street
> Suite 900
> Chicago, IL 60602-4115

by enclosing same in an envelope, addressed as is shown above, with proper postage prepaid, and depositing same in the United States mail at Rockford, Illinois on the 21st day of August, 2007 at 1:30 p.m.

Peter DeBruyne

3

00113

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

LISA FARRELL,                         )
                                      )        Case No. 05 L 301
            Plaintiff,                )
                                      )
    vs.                               )
                                      )
ROCK VALLEY COLLEGE,                  )
                                      )
            Defendant.                )

## FIRST AMENDED COMPLAINT

NOW COMES the plaintiff LISA FARRELL ("FARRELL"), by her attorney,

PETER DeBRUYNE, P.C., and for her First Amended Complaint against ROCK

VALLEY COLLEGE ("RVC"), states as follows:

### COUNT I

### BREACH OF CONTRACT BY RVC

1. At all times herein RVC was and presently is a community college duly

authorized and existing pursuant to the Public Community College Act.

2. RVC hired FARRELL to work in the payroll department of RVC commencing

January 4, 1988.

3. On January 4, 1988 FARRELL began her employment with RVC and

performed the duties of her employment until termination of her employment by RVC on

June 16, 2004 in the manner hereinafter alleged in paragraph 4 through 12 inclusive of

this Complaint.

4. On January 16, 2004 FARRELL met with Sherry Foreman, hereinafter

"FOREMAN," Manager of Accounts Payable and Payroll Services for RVC.

5. Prior to FARRELL meeting with FOREMAN on January 16, 2004, RVC

distributed RVC Board Policy 629.00 concerning progressive discipline by posting it on

1

00114

the RVC website accessible to all employees including FARRELL for the purpose of reliance by its employees including FARRELL upon said policy. A copy of RVC Board Policy 629.00 is attached hereto marked Exhibit A and made a part hereof.

6. At all times on and subsequent to the posting of RVC Board Policy 629.00 on the RVC website, FARRELL relied on RVC Board Policy 629.00 in the performance of the duties of her employment with RVC.

7. At the January 16, 2004 meeting, FOREMAN orally informed FARRELL of certain alleged deficiencies of FARRELL in the performance of her employment in "processing Board Report 6132 prior to the approval of the Board of Trustees."

8. At the January 16, 2004 meeting, FOREMAN also gave FARRELL a copy of RVC Board Policy 629.00.

9. After the January 16, 2004 meeting, FOREMAN, in February 2004, gave FARRELL another copy of RVC Board Policy 629.00.

10. On June 8, 2004 FOREMAN gave FARRELL a written reprimand with regard to her work performance, a copy of which is attached hereto marked Exhibit B and made a part hereof and which provides in relevant part:

> In summary, I consider your current work performance to be deficient and unsatisfactory. I expect to see immediate improvement. Please be aware that failure to address the concerns outlined in this memo or further failure to follow established policies and procedures will lead to further disciplinary action, up to and including your immediate dismissal as an employee of Rock Valley College. We will meet during the period of July 12 through July 23, 2004 to discuss your progress or at any time sooner that the situation may warrant."

11. After June 8, 2004, FARRELL continued her employment with RVC until June 16, 2004 when her employment with RVC was terminated by RVC.

12. The purported termination of June 16, 2004 was without suspension called for by step three of RVC Board Policy No. 629.00 and occurred prior to a review of

2

FARRELL'S progress at least 30 days after the June 8, 2004 written reprimand as is required by step two of RVC Board Policy No. 629.00.

13. By reason of the foregoing purported termination which was for the reasons hereinbefore stated not in compliance with RVC Board Policy No. 629.00, FARRELL was not allowed to continue working at her employment with RVC by reason of which she sustained damages in an amount in excess of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS including but not limited to loss of wages, retirement benefits, personal time pay, vacation pay and health insurance benefits.

WHEREFORE, the plaintiff, LISA FARRELL, requests judgment against the defendant, ROCK VALLEY COLLEGE, in an amount in excess of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS plus a reasonable attorney's fee and costs of suit.

## COUNT II

### VIOLATION OF CONSTITUTIONAL RIGHTS BY RVC

1. At all times herein RVC was and presently is a community college duly authorized and existing pursuant to the Public Community College Act.

2. RVC hired FARRELL to work in the payroll department of RVC commencing January 4, 1988.

3. On January 4, 1988 FARRELL began her employment with RVC and performed the duties of her employment until termination of her employment by RVC on June 16, 2004 in the manner hereinafter alleged in paragraph 4 through 12 inclusive of this Complaint.

4. On January 16, 2004 FARRELL met with Sherry Foreman, hereinafter "FOREMAN," Manager of Accounts Payable and Payroll Services for RVC.

5. Prior to FARRELL meeting with FOREMAN on January 16, 2004, RVC distributed RVC Board Policy 629.00 concerning progressive discipline by posting it on

3

00116

the RVC website accessible to all employees including FARRELL for the purpose of reliance by its employees including FARRELL upon said policy. A copy of RVC Board Policy 629.00 is attached hereto marked Exhibit A and made a part hereof.

6. At all times on and subsequent to the posting of RVC Board Policy 629.00 on the RVC website, FARRELL relied on RVC Board Policy 629.00 in the performance of the duties of her employment with RVC.

7. At the January 16, 2004 meeting, FOREMAN orally informed FARRELL of certain alleged deficiencies of FARRELL in the performance of her employment in "processing Board Report 6132 prior to the approval of the Board of Trustees."

8. At the January 16, 2004 meeting, FOREMAN also gave FARRELL a copy of RVC Board Policy 629.00.

9. After the January 16, 2004 meeting, FOREMAN, in February 2004, gave FARRELL another copy of RVC Board Policy 629.00.

10. On June 8, 2004 FOREMAN gave FARRELL a written reprimand with regard to her work performance, a copy of which is attached hereto marked Exhibit B and made a part hereof and which provides in relevant part:

> In summary, I consider your current work performance to be deficient and unsatisfactory. I expect to see immediate improvement. Please be aware that failure to address the concerns outlined in this memo or further failure to follow established policies and procedures will lead to further disciplinary action, up to and including your immediate dismissal as an employee of Rock Valley College. We will meet during the period of July 12 through July 23, 2004 to discuss your progress or at any time sooner that the situation may warrant."

11. After June 8, 2004, FARRELL continued her employment with RVC until June 16, 2004 when her employment with RVC was terminated by RVC.

12. The purported termination of June 16, 2004 was without suspension called for by step three of RVC Board Policy No. 629.00 and occurred prior to a review of

00117

FARRELL'S progress at least 30 days after the June 8, 2004 written reprimand as is required by step two of RVC Board Policy No. 629.00.

13. At all relevant times, there existed in Illinois the Civil Rights Act, Civil Action for Deprivation of Rights, 42 U.S.C. § 1983 et. seq., which provided in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..." (42 U.S.C. § 1983)

14. At all relevant times, there existed in Illinois the Civil Rights Act, Proceedings in Vindication of Civil Rights, 42 U.S.C. § 1988 (b) et. seq., which provided in relevant part:

> "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, ..." (42 U.S.C. § 1988(b))

15. Based upon RVC Board Policy No. 629.00. FARRELL had a constitutional right to not be deprived of her employment by RVC without due process of law pursuant to the Civil Rights Act, 42 U.S.C. § 1988 (b) et. seq.

16. RVC has violated the Civil Rights Act and deprived FARRELL of her constitutional right of due process by terminating FARRELL without providing FARRELL a dismissal hearing as promised by RVC Board Policy No. 629.00 and other progressive steps of discipline as provided for in RVC Board Policy No. 629.00.

00118

17.    By reason of the foregoing purported termination which was for the reasons hereinbefore stated not in compliance with RVC Board Policy No. 629.00, FARRELL has sustained damages in an amount in excess of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS.

WHEREFORE, the plaintiff, LISA FARRELL, requests judgment against the defendant, ROCK VALLEY COLLEGE, in an amount in excess of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS plus a reasonable attorney's fee and costs of suit.

LISA FARRELL, Plaintiff,

BY: PETER DeBRUYNE, P.C.

Peter DeBruyne, her Attorney

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Peter DeBruyne - #405
PETER DeBRUYNE, P.C.
838 North Main Street
Rockford, IL 61103

Attorney for Plaintiff.

6

00119

## CERTIFICATE OF SERVICE

Pursuant to Supreme Court Rule 12, the undersigned certifies that he served the foregoing Plaintiff's First Amended Complaint on the following:

> Attorney Barbara Endoy
> Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
> 20 North Clark Street
> Suite 900
> Chicago, IL 60602-4115

by enclosing same in an envelope, addressed as is shown above, with proper postage prepaid, and depositing same in the United States mail at Rockford, Illinois on the 21st day of August, 2007 at 5:00 p.m.

Peter DeBruyne

7

00120

Rock Valley College

November 25, 2003

**BOARD POLICY #629        ADMINISTRATIVE PROCEDURES**

## Progressive Discipline

It is the intent of Rock Valley College to foster optimum performance and otherwise assist PSA/ESP Full-time and Continuous Part-time Employees in the accomplishment of their professional responsibilities. Each staff member is assumed to be personally committed to high performance and active participation in the life of the College community.

Recognizing that the preferred outcome of the progressive disciplinary process is positive change in the performance/behavior brought to the involved staff member's attention, several steps of increasing severity may be utilized.

Upon the determination of the immediate supervisor that a problem exists that may lead to disciplinary action, the employee will be notified in writing and allowed to seek the assistance of the appropriate Staff Association representative(s) for informal resolution.

These steps are:

Step 1: <u>Formal Oral Warning</u>:

   A. Issued in conference with the staff member by her/his immediate supervisor, the oral warning is used to:

      a. Formally present/define the problem at hand;
      b. Convey the expectation that the staff member will take the step(s) necessary to rectify the problem within a prescribed time period;
      c. Describe the methods for assessing compliance. The information presented in the oral conference will be summarized in written memorandum form within two (2) days of the conference, with copies provided to the staff member and placed in her/his personnel file; and
      d. Review of the staff member progress will take place within $30^1$ days of the oral warning conference.

---

[1] Employees involved in disciplinary action may not be allowed to transfer during this disciplinary period.
Progressive Discipline Policy- Human Resources Services-11/03



EXHIBIT
1

00121

B. At or about the completion of the time period provided for in the oral warning, a conference will be held with the staff member to ascertain whether all expectations set forth in the warning have been met.

If the identified problem is not resolved as expected, the problem and outcome will be documented in writing, placed in the staff member's personnel file for a period of up to three (3) years[2], with the progressive disciplinary process completed, unless further infractions occur. After one year, and barring no further problems occur. An employee may request the Supervisor to remove the letter from their file.

Step 2: Written Warning:

A. If the serious problem remains unresolved, a written reprimand will be presented to the involved staff member in conference with the immediate supervisor and Executive Dean of Human Resources. In it will be specified :
  1.) the nature of the problem;
  2.) a summary of prior efforts made on behalf of the College to resolve the\ problem;
  3.) a listing of the directed change(s) to be made;
  4.) the time period prescribed for that purpose; and
  5.) a summary of methods for assessing compliance
A review of the employee's progress will take place at least 30 days after a written reprimand is issued.

At or about the completion of the time period provided for in the written reprimand, a conference will be held with the staff member to ascertain whether all directed changes set forth in the reprimand have been met. If the identified problem is resolved as directed, the outcome will be documented in writing, attached to the written reprimand and placed in the staff member's personnel file for up to a period of four (4) years, with the progressive disciplinary process completed, unless further infractions occur. After one year, an employee may request the Supervisor to remove the letter from their file.

Step 3: Suspension:

A. If the serious problem remains unresolved, the staff member will be issued suspension without pay. Depending on the seriousness of the problem, the suspension can be within 1-3 days. The suspension shall be documented and placed in the employee's personnel file for a period of four (4) years.

---

[2] Assumes peer guidance assistance was accepted and no reoccurrence during the three (3) year period.
Progressive Discipline Policy- Human Resources Services-11/03

Step 4: Dismissal:

    A. If the documentation shows all previous formal methods of disciplining the employee has failed, a recommendation for dismissal will be prepared for the Board of Trustees.

Notice: Though the above progressive discipline process will be desirable for resolving most serious problems, extraordinary misconduct may, at the discretion of the President, warrant by-pass of the process in favor of an immediate suspension or a dismissal hearing. Examples of serious misconduct that may necessitate such action include but are not limited to the following:

    1. Intentional falsification of credentials, time sheets, and/or College records.

    2. Conviction of a felony or misdemeanor for a criminal violation that would impact upon the staff member's ability to perform her/his job (such as theft of college property and possession, use or sale of illegal drugs on College property).

    3. Sabotage of the College's systems or property.

Note #1: Step 1 and/or Step 2 of the progressive discipline process may be waived upon repetition of the original/similar serious or continuous problems within the time period(s) in which documentation pertaining to the original problem is retained in the staff member's personnel file.

Note #2: The employee has the right to Association representation or a witness of their choice, at any level of the disciplinary meeting.



# MEMORANDUM

**DATE:** June 8, 2004

**TO:** Lisa Farrell

**FROM:** Sherry Foreman
Manager of Accounts Payable and Payroll Services

**RE:** Written Reprimand - Concerns with your Work Performance

This memo is a follow-up to our meeting on Thursday afternoon, May 27, 2004 between you, the Associate Vice-President of Human Resource Services, Shirley Hardy and me. Although you were offered the opportunity to have an employee representative of your choice at the meeting, you declined. The purpose of this memo is to summarize my concerns with your work performance. I apologize for the delay in getting this follow-up memo to you, but as you are aware I was out of the office last week due to health issues.

As you are aware, there have been ongoing concerns with your work performance. I have previously expressed my performance expectations for you in a memo dated March 7, 2003, further expressed concerns and expectations on your last annual performance review dated May 1, 2003, as well as in memos dated January 22, 2004 and February 11, 2004. In addition, I have discussed concerns with you on several occasions over the last several months. You have failed to meet the expectations and consistently failed to meet timelines. Your errors have cost the College in both time and money. The most recent example was your incorrect entry on the pay cycle pay date screen. Although you had the opportunity to correct your error through the normal payroll processing activities, you failed to do so. As you know, your error caused a direct deposit problem at the bank, and significantly delayed the bank's normal processing activities. In addition, your error created the need for us to void and reissue over 200 payroll checks.

In summary, I consider your current work performance to be deficient and unsatisfactory. I expect to see immediate improvement. Please be aware that failure to address the concerns outlined in this memo or further failure to follow established policies and procedures will lead to further disciplinary action, up to and including your immediate dismissal as an employee of Rock Valley College. We will meet during the period of July 12 through July 23, 2004 to discuss your progress or at any time sooner that the situation may warrant.

Received by: _Lisa K. Farrell_ _June 8, 2004_
Lisa Farrell                    Date

Cc: Human Resources

EXHIBIT
B

00124

**FILED**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

SEP 0 5 2007

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| LISA FARRELL, | ) | |
| | ) | USDC Case No. _____ |
| Plaintiff, | ) | Hon. _____ |
| | ) | |
| vs. | ) | Circuit Court of the 17th Judicial Circuit |
| | ) | Case No. 05 L 301 |
| ROCK VALLEY COLLEGE, | ) | Hon. J. Edward Prochaska |
| | ) | |
| Defendant. | ) | |

07 C 50 1 70

### NOTICE OF FILING

To:   Lisa Farrell
      c/o Peter DeBruyne, Esq.
      Peter DeBruyne, P.C.
      838 North Main Street
      Rockford, IL 61103

Clerk of the Court
Winnebago County Circuit Court
400 West State Street
Rockford, IL 61101

**PLEASE TAKE NOTICE** that on the 4th day of September, 2007, we filed with the United States District Court for the Northern District of Illinois, Western Division, 211 South Court Street, Rockford, Illinois, the **NOTICE OF REMOVAL**, served herewith.

ROCK VALLEY COLLEGE

By: _____
    One of Defendant's Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2007, I mailed the foregoing Notice and pleading(s) to the Clerk of the Court for filing, via UPS Next Day Air, and served a copy upon Peter DeBruyne, Esq., attorney for Plaintiff, and Clerk of the Circuit Court for Winnebago County, via First Class Mail on September 4, 2007.

_____

Joseph J. Perkoski (6216678)
Barbara Endoy (6285513)
ROBBINS, SCHWARTZ, NICHOLAS,
   LIFTON & TAYLOR, LTD.
20 North Clark Street, Suite 900
Chicago, Illinois 60602
Tel. 312.332.7760
Fax 312.332.7768